-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM CLANTON, 03A4400,

       Plaintiff,

   -v-                                         11-CV-6382Fe

Nurse KILLINGER, Nurse MOHRING,           **ORDER**
DR. LASKOWSKI and JOHN DOE #1,
Health Care Dir.,

       Defendants.

---

    Plaintiff William Clanton, an inmate proceeding pro se, was granted permission to proceed in forma pauperis on October 16, 2011 (Docket No. 5) and the Court directed the U. S. Marshal to serve the defendants. The Marshal attempted to serve each of the named defendants by mail on December 8, 2011. None of the service forms mailed to defendants by the Marshal's Service on December 8, 2011 has been returned indicating in any way that service at the addresses provided by plaintiff was not possible. Nor have acknowledgments of service been received by the Marshal's Service or the Court. In addition, although no Notice of Appearance has been filed with the Court, on January 8, 2012 the Court received a copy of a letter from Assistant Attorney General Hillel Deutsch to the plaintiff requesting that plaintiff sign a release for his medical records regarding this action.

    As a prisoner-litigant proceeding in forma pauperis, plaintiff is "entitled to rely on service by the U.S. Marshals." Romandette v.. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986) (citing

Fed.R.Civ.P. 4(c)(2)). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m). See Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir.1997); Bird v. Stone, 94 F.3d 217, 220 (6th Cir.1996); Dumaguin v. Sec'y of HHS, 28 F.3d 1218, 1221 (D.C.Cir.1994); Puett v. Blandford, 912 F.2d 270, 276 (9th Cir.1990); Sellers v. United States, 902 F.2d 598, 602 (7th Cir.1990). Plaintiff's time to serve the defendants is, therefore extended another 120 days.

The Court hereby requests that the Attorney General of the State of New York assist the Court in ascertaining what impediments there may be in the Marshal's attempts to serve the named defendants. The Attorney General of the State of New York is requested to provide any information she can ascertain to the Court by **April 16, 2012.** The information should be sent to the Pro Se Office, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202.

The Clerk of Court shall send a copy of this Order and the complaint to Debra A. Martin, Esq., Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 22, 2012
         Rochester, New York